OPINION OF THE COURT
Arnold F. Ciaccio, S.
Pamela W. Farlow, the surviving spouse of the decedent, has petitioned the court for its determination as to her entitlement *630 to "set off” property (EPTL 5-3.1) as well as for a computation of her elective share (EPTL 5-1.1). All of the issues have been resolved, with the exception of the determination of whether or not 50% of a qualified profit-sharing death benefit received by the surviving spouse is to be treated as a "testamentary substitute” for purposes of calculating the petitioner’s net elective share. The parties have submitted the issue to the court as a matter of law, to wit: the impact of EPTL 5-1.1-A on that particular asset.
BACKGROUND
Decedent died March 8, 1995. He was survived by his spouse of three months and three children from prior marriages. As indicated, issues arose as to the size and extent of the surviving spouse’s exempt share as well as her entitlement to the spousal right of election. All of the issues raised in the pleadings have been determined with the exception of the status of the so-called qualified profit-sharing death benefit. It is the position of the spouse that the qualified plan is not a testamentary substitute and that she is entitled to the full benefit of the plan, outside the estate. It is the position of the estate that 50% of the profit-sharing plan which was received directly by the surviving spouse ought be treated as a "testamentary substitute” for purposes of calculating the surviving spouse’s net elective share. With this inclusion, that amount would then reduce the amount that the surviving spouse is entitled to receive from the other estate assets.
EPTL 5-1.1-A (b) (1) (G) reads as follows: "Any money, securities or other property payable under a thrift, savings, retirement, pension, deferred compensation, death benefit, stock bonus or profit-sharing plan, account, arrangement, system or trust, except that with respect to a plan to which subsection (a)(ll) of section four hundred one of the United States Internal Revenue Code applies or a defined contribution plan to which such subsection does not apply pursuant to paragraph (B)(iii) thereof, only to the extent of fifty percent of the capital value thereof. Notwithstanding the foregoing, a transaction described herein shall not constitute a testamentary substitute if the decedent designated the beneficiary or beneficiaries of the plan benefits on or before September first, nineteen hundred ninety-two and did not change such beneficiary designation thereafter.” (Emphasis added.)
The 1992 amendments (L 1992, ch 595, § 10) to the right of election law provided that thrift, savings, retirement, pension, *631 deferred compensation, death benefit, stock bonus and profit-sharing plans are testamentary substitutes adding them to the prior list of such substitutes.
Spouse argues that the decedent had made the beneficiary designation on or before September 1, 1992 and did not thereafter change this designation. In opposition, it is argued on behalf of the estate that the marriage in January of 1995 had the effect of accomplishing a change in beneficiary as envisioned in the 1992 legislation. (The marriage did effectively result in the spouse replacing the estate as the designated beneficiary.)
It is clear that this decedent did not himself change the beneficiary designation after September 1, 1992 (it is undisputed that the estate had been designated beneficiary, initially). By virtue of the operation of the plan, however, once he married his surviving spouse became the beneficiary and in fact did receive the entire death benefit of $450,000. It then is required that the court determine whether or not the fact of the marriage of decedent to his surviving spouse at the end of 1994 constituted a beneficiary change sufficient to result in at least 50% of the qualified plan being included as a testamentary substitute. (EPTL 5-1.1-A.)
It is this court’s, view that, on the state of the record taken together with the legislative history set forth in Turano, 1994 Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 17B, EPTL 5-1.1-A, 1997-1998 Pocket Part, at 31), the marriage did in fact cause a change in designated beneficiary sufficient as a matter of law to result in 50% of the qualified plan being included as a testamentary substitute.
In summary, it is the court’s holding herein that 50% of the profit-sharing plan death benefit which surviving spouse received is to be treated as a testamentary substitute for purposes of calculating the surviving spouse’s elective share. That 50% death benefit shall be included in the estate for purposes of calculating the one-third elective share that she is entitled to and the calculated amount is then applied to reduce the amount that she would be entitled to receive from the other estate assets.